David S. Reidy (SBN 225904)
Email:  dreidy@reedsmith.com
Andrew Amoroso (SBN 274673)
Email:  aamoroso@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Michael T. Scott
(*admitted pro hac vice*)
mscott@reedsmith.com
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Telephone:   +1 215 851 8100
Facsimile:    +1 215 851 1420

Attorneys for Defendant
H. J. Heinz Company L.P., a Pennsylvania
Limited Partnership and HeinzSeed, an
unincorporated division of H.J. Heinz Company,
L.P.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED GENETICS TURKEY TOHUM FIDE A.S., formerly know as TAT TOHUMCULUK A.S., a Turkish Company,<br><br>Plaintiff,<br><br>vs.<br><br>H.J. HEINZ COMPANY, L.P., a Pennsylvania Limited Partnership registered to do business in California, and HEINZSEED, an unincorporated division of H.J. HEINZ COMPANY, L.P.<br><br>Defendants. | Case No. 2:13-cv-00773-WBS-KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Compl. Filed:                    April 19, 2013<br>First Am. Compl. Filed:    July 29, 2013<br>Second Am. Compl. Filed: December 4, 2013<br>Third Am. Compl. Filed:   February 20, 2014<br><br>Honorable William B. Shubb |

1. **PURPOSE AND LIMITATIONS**

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

    By entering into this Protective Order, the parties do not waive, but rather preserve, any and all applicable objections to the disclosure of any information.

2. **DEFINITIONS**

    2.1 **Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2 **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3 **"Confidential" Information or Items:** information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ. P. 26(c).

    2.4 **"Highly Confidential – Attorneys' Eyes Only" Information or Items:** extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    2.5 **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6 **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

**2.7** **Designating Party:** a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

**2.8** **Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only." Pursuant to Paragraph 5.1 below, the parties are to exercise restraint in designating Protected Material.

**2.9** **Outside Counsel:** attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

**2.10** **House Counsel:** attorneys who are employees of a Party.

**2.11** **Counsel (without qualifier):** Outside Counsel and House Counsel (as well as their support staffs).

**2.12** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.13** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.    SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a

court order otherwise directs.  However, if this action proceeds to trial, the information designated as Protected Material pursuant to this Protective Order shall no longer be afforded the protections set forth herein, unless good cause is shown to the Court in advance of the trial to proceed otherwise.

## 5. DESIGNATING PROTECTED MATERIAL

**5.1** **Exercise of Restraint and Care in Designating Material for Protection**.  Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those pages of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2** **Manner and Timing of Designations**.  Except as otherwise provided in this Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this order requires:

**(a)** for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top or bottom of each page that contains Protected Material.

**(b)** for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, that certain testimony will be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the Court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

**(c)** for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**5.3** **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under

this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**6.1    Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2    Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3    Judicial Intervention**. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 26(e)(2) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each

such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges or designations, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party or the Designating Party, as applicable, to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**7.1** **Basic Principles**.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** **Disclosure of "CONFIDENTIAL" Information or Items**.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

**(a)** the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.

**(b)** the officers, directors, employees, and agents (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation.

**(c)** Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

**(d)** Parties to this action charged with responsibility for the prosecution or defense of the litigation, provided that access is given only for purposes of the prosecution or defense of this litigation;

**(e)** the Court and its personnel;

**(f)** court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

**(g)** during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

**(h)** Witnesses interviewed by a party's representatives or Counsel, when such disclosure is reasonably necessary for the purpose of factual investigation, discovery, or trial preparation, and who have signed the "Agreement to Be Bound by Stipulation" (Exhibit A);

**(i)** the author of the document or the original source of the information.

**7.3** **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

      **(a)**      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

      **(b)**      the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

      **(c)**      Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

      **(d)**      the Court and its personnel;

      **(e)**      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

      **(f)**      the author of the document or the original source of the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**8.1** In the event any Party or third person having possession, custody or control of any information which has been produced and designated as Confidential or Highly Confidential – Attorneys' Eyes Only by another Party or third person hereafter receives a subpoena or other process or order to produce such information in a civil action other than this case, the Party or third person in possession of the information produced and designated in writing as Confidential or Highly Confidential – Attorneys' Eyes Only shall (a) notify the attorneys of record of the Designating Party or third party as soon as reasonably possible and prior to the production of information produced and designated as Confidential or Highly Confidential – Attorneys' Eyes Only; (b) furnish those attorneys of record with a copy of said subpoena or other process or order; and (c) cooperate with respect to any procedure sought to be pursued by the Designating Party or third person by (i) refraining from producing any information produced and designated in writing as Confidential or Highly Confidential – Attorneys' Eyes Only in response to said subpoena or other process or order to the extent permitted by law for ten (10) court days from the date the copy of said subpoena or

other process or order is furnished to the Designating Party so as to allow that Party or third person the opportunity to file an appropriate objection, (ii) immediately informing in writing the party who caused the subpoena or other process or order to issue that some or all of the material covered by the subpoena or other process or order is the subject of this Protective Order and provide that party with a copy of this Protective Order; and (iii) to the extent any such objection is filed and to the extent permitted by law, refraining from producing any information produced and designated as Confidential or Highly Confidential – Attorneys' Eyes Only in response to said subpoena or other process or order until the relevant court or tribunal rules on that objection.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL

Prior to trial, all Protected Material may be filed with the Court only under seal, absent a specific stipulation otherwise between the parties. The Parties shall follow and abide by applicable law, including without limitation, Local Rules 141 and 141.1, and the chamber's rules, with respect to filing documents under seal.

## 11. FINAL DISPOSITION

### 11.1 Return of Protected Material After Final Disposition By Parties.

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return or destroy any hard copies of Protected Material to the Producing Party. As used in this subdivision, "Protected Material" includes copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

archival copy of all discovery, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Moreover, the Parties recognize that it may not be possible to "destroy" electronic copies of Protected Material, but agree to act in good faith and to maintain the confidentiality and security of such electronic sources, and that any electronic or archival copies that contain or constitute Protected Material shall remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**11.2  Return of Protected Material After Final Disposition By Court.**  Within sixty days after the final termination of this action, the Court shall return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Any action by the Court shall be preceded by an *ex parte* motion for an order authorizing the return of all Protected Material.

**12.  MISCELLANEOUS**

**12.1  Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2  Modification Of Protective Order By The Court.**  The Court may modify the terms and conditions of the Order in the interest of justice or for public policy reasons.

**12.3  Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.4  Relation To Court Or Local Rules.**  Without separate Court order, the Protective Order and the parties' stipulation shall not change, amend, or circumvent any court rule or local rule.

////

////

////

////

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: March 3, 2014                                       REED SMITH LLP

                                                           By:  */s/ David S. Reidy*
                                                                David S. Reidy
                                                                Attorneys for Defendant
                                                                H. J. Heinz Company L.P., erroneously
                                                                sued as "H. J. Heinz Company" and
                                                                HeinzSeed, an unincorporated division of
                                                                H.J. Heinz Company, L.P.

DATED: March 3, 2014                                       ANASTASSIOU & ASSOCIATES

                                                           By:  */s/ Effie F. Anastassiou*
                                                                Effie F. Anastassiou
                                                                Attorneys for Plaintiff
                                                                United Genetics Turkey Tohum Fide
                                                                A.S., formerly known as TAT
                                                                Tohumculuk A.S.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: June 6, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Governing Confidentiality that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *United Genetics Turkey Tohum Fide A.S. v. H.J. Heinz Compan, L.P., et al., Case No 13-cv-00773-WBS-KJN*.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provision of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: