UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED GENETICS TURKEY TOHUM FIDE, A.S., <br><br> Plaintiff, <br><br> v. <br><br> H.J. HEINZ COMPANY, et al. <br><br> Defendants. | No.  2:13-cv-0773-WBS-KJN <br><br><br> ORDER |

On November 7, 2014, the court held an informal telephonic conference pursuant to the parties' request to address the parties' discovery disputes concerning certain interrogatories and requests for production propounded by plaintiff United Genetics Turkey Tohum Fide, A.S. ("plaintiff").  Attorney Effie Anastassiou appeared telephonically on behalf of plaintiff.  Attorney Sean Flynn appeared on behalf of defendants H.J. Heinz Company and Heinzseed (collectively "defendants").  Prior to this telephonic conference, the parties provided the court with a joint statement setting forth each party's respective position regarding the discovery issues addressed during the conference.

After considering the parties' joint statement, the relevant portions of the record, the parties' oral arguments, the applicable law, the agreement of the parties, and for the reasons stated during the telephonic conference, IT IS HEREBY ORDERED that:

////

1.      Defendants shall provide plaintiff with responses to special interrogatory numbers 18, 19, 20, and 23 as soon as it is practicable to do so.[1]  To the extent that defendants may have already provided answers to any of these interrogatories, defendants shall supplement their responses along the lines outlined by the court during the telephonic conference.

2.      In their current form, special interrogatory numbers 33 and 34 are compound in nature and, therefore, exceed the 45 interrogatory limit to which the parties have stipulated. Counsel for the parties shall meet and confer regarding how they wish to proceed with addressing the questions posed by these interrogatories.[2]  In particular, the parties' meet and confer efforts concerning these interrogatories should include a discussion regarding which of defendants' 24 affirmative defenses articulated in the Answer defendants are still seeking to pursue in earnest at this juncture in order to aid plaintiff in narrowing the number and scope of the questions posed by these two interrogatories.[3]

3.      Counsel for the parties shall also meet and confer regarding their issues concerning plaintiff's requests for production of documents.  Specifically, counsel should discuss defendants' projected timeline for producing documents responsive to these requests, any objections defendants may have as to these requests, and any privileges defendants believe they may assert with respect to any documents responsive to these requests.  Furthermore, counsel should address and work towards an agreement on the search parameters defendants will use in reviewing any

---

[1] As the court noted during the telephonic conference, the parties should consider developing and stipulating to an appropriate protective order covering the information defendants are to produce in response to these three interrogatories.

[2] As noted during the telephonic conference, when the court refers to "meet and confer" efforts it means that, at a minimum, counsel for the parties should verbally and substantively discuss the disputed matter over the telephone.  Preferably, counsel for the parties should meet in person to discuss their discovery issues.

[3] Plaintiff may withdraw these two interrogatories and propound new interrogatories specifically addressing each affirmative defense still at issue provided that these new interrogatories do not exceed the 45 interrogatory limit.  If plaintiff believes that it will still need to propound interrogatories regarding defendants' affirmative defenses that will result in plaintiff exceeding this limit after the parties have met and conferred on this matter, then plaintiff may file a motion seeking the court's permission to propound those additional interrogatories.

1 electronically stored information in connection with developing their responses to these requests.[4]

2     4.    Defendants' counsel shall provide plaintiff's counsel with the letter responding to
3 plaintiff's document requests that was referred to by defendants' counsel during the telephonic
4 conference by no later than 12:00 P.M. on November 10, 2014.

5     5.    A further informal telephonic conference is scheduled for November 18, 2014, at
6 9:00 A.M., before the undersigned to discuss the parties' progress in addressing their remaining
7 discovery issues. Prior to this telephonic conference, counsel for plaintiff shall contact the
8 undersigned's courtroom deputy at (916) 930-4187 to inform the court of the phone number(s) at
9 which counsel for the parties can be reached at the above-scheduled time. The court expects
10 counsel for the parties to have met and conferred with one another as directed above prior to this
11 further telephonic conference. The parties do not need to provide the court with a joint statement
12 or other filing prior to the telephonic conference, but may do so if the parties believe that such a
13 filing will provide further assistance to the court regarding the issues to be addressed at the
14 telephonic conference.

15     IT IS SO ORDERED.

16 Dated: November 10, 2014

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Given the large amount of electronic data defendants state they will have to review and the limited amount of time left before the discovery deadline, the parties may want to consider developing a "clawback" agreement regarding any documents inadvertently produced in response to these requests in order to expedite defendants' document production efforts.

3